UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ROBERT MANOR,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, ROBERT MANOR, is a citizen of Indiana.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity incorporated under the laws of Panama, with its principal place of business in Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. Defendant, at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181, and/or

48.193;

e.  The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard cruise ships.

5. Defendant is subject to the jurisdiction of the Courts of this state.

6. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Carnival Mardi Gras* ("the vessel").

8. On or about April 14, 2022, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. At all times material hereto, Plaintiff was a diabetic and suffered peripheral neuropathy, which is a condition that causes numbness and absence of feeling in Plaintiff's feet.

10. On or about April 14, 2022, while aboard the vessel, Plaintiff walked barefoot along the pool deck from a lounge chair to the pool. Unbeknownst to Plaintiff the pool deck was unreasonably hot, creating a dangerous condition and causing Plaintiff to suffer fourth-degree burns to his feet. The unreasonably hot and dangerous condition of the deck was not open and obvious and there were no warnings to alert passengers, including the Plaintiff, to the same.

11. As a result of the fourth-degree burns to his feet, Plaintiff required extensive wound care and incurred over $50,000 in medical expenses.

- 3 -

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

12. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

13. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

14. On or about April 14, 2022, Plaintiff was on the pool deck aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

15. On or about April 14, 2022, Defendant and/or its agents, servants, and/or employees breached its duty to warn Plaintiff through the following acts and/or omissions:

   a. Failure to warn passengers and the Plaintiff of the unreasonably hot surface on the pool deck;

   b. Failure to warn passengers and the Plaintiff of the dangers of walking barefoot on the pool deck;

   c. Failure to warn passengers and the Plaintiff of the need to walk with caution on the pool deck; and/or

   d. Failure to warn the passengers and the Plaintiff of the need to wear appropriate footwear on the pool deck.

16. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff would not have walked barefoot had Defendant and/or its agents, servants

and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

17. At all times material hereto, the temperature of the decking surface on the pool deck was too high and unreasonably dangerous.

18. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the pool deck area and/or through prior incidents involving passengers injured due to the hot pool deck on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Gibbs v. Carnival Cruise* Line, 314 F.3d 125 (S.D.Fla. 2002) (burned feet on hot deck); Golden *v. Carnival Corporation*, Case No. 14-CV-24899-JAL (S.D. Fla. 2014) (burn feet on hot deck); *Smardz v. Carnival Corporation* (burn feet on hot deck same vessel); *Leach v. Carnival Corporation,* Case No. 19-CV-23060-KMM (S.D. Fla 2019) (burn feet on hot deck)[1]  Further, this knowledge was or should have been acquired through the media and press coverage of similar incidents on Carnival vessels, as well as on other cruise lines.[2]

19. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life,

---

[1] The foregoing identified cases are just a few of the many examples of substantially similar prior incidents which evidence the Defendant was on notice of the dangerous condition.

[2] https://startsat60.com/media/travel/unexpected-painful-risk-cruise-burnt-feet-hot-deck; https://www.cruiselawnews.com/2018/05/articles/weird-cruise-news/cruise-ship-hotdeckburnedfeet-lawsuit-irks-public;   https://nypost.com/2018/05/13/man-files-lawsuit-after-scalding-his-feet-on-cruise-ship/;  ; https://www.cruiseaddicts.com/forums/threads/cruiser-burns-from-sizzling-hot-pool-deck-left-me-crippled.151762/

disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

## COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

20. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

21. At all times material hereto, it was the duty of Defendant to maintain the pool deck in a reasonably safe condition.

22. On or about April 14, 2022, Defendant and/or its agents, servants, and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the pool deck to determine whether the decking surface was unreasonably hot;

   b. Failure to maintain the surface of the pool deck in a reasonably safe condition and/or temperature for use by barefoot passengers considering the anticipated use of the pool deck; and/or

    c.  Failure to maintain the surface of the pool deck in a reasonably safe condition if/when the decking surface was too hot, including, but not limited to, closing off pool deck areas that were dangerously hot, placing mats or other coverings or substances on the pool deck areas that were dangerously hot, and/or providing adequate shade from the sun along walking areas from lounge chairs to the pool.

23. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the pool deck.

24. At all times material hereto, the temperature of the decking surface on the pool deck was too high and unreasonably dangerous.

25. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the pool deck area and/or through prior incidents involving passengers injured due to the hot pool deck on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Gibbs v. Carnival Cruise* Line, 314 F.3d 125 (S.D.Fla. 2002) (burned feet on hot deck); Golden *v. Carnival Corporation*, Case No. 14-CV-24899-JAL (S.D. Fla. 2014) (burn feet on hot deck); *Smardz v. Carnival Corporation* (burn feet on hot deck same vessel); *Leach v. Carnival Corporation,* Case No. 19-CV-23060-KMM (S.D. Fla 2019) (burn feet on hot deck)  Further, this knowledge was or should have been acquired through the media and press coverage of similar incidents on Carnival vessels, as well as on other cruise lines.

26. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eleven (11) as though alleged originally herein.

27. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

28. On or about April 14, 2022, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to utilize a reasonably safe decking surface on the pool deck in light of the anticipated use of the pool deck by barefoot passengers;

   b. Failure to provide reasonably safe walking surfaces for barefoot passengers from lounge chairs to the pool on the pool deck;

    c. Failure to promulgate and enforce adequate policies and procedures to prevent passengers from walking barefoot on the hot pool deck;

    d. Failure to instruct passengers and the Plaintiff concerning footwear on the pool deck;

    e. Failure to monitor and/or inspect pool decks to determine if they are unreasonably hot and to take preventative measures to provide a reasonably safe place for passengers to walk and/or

    f. Failure to comply with manufacturer's guidelines regarding usage of decking in hot temperatures.

29. The above acts and/or omissions caused and/or contributed to Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

30. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and failed to warn Plaintiff about them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and warned about them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the pool deck area and/or through prior incidents involving passengers injured due to the hot pool deck on Defendant's vessels and/or other vessels reported within the cruise industry. *See, e.g., Gibbs v. Carnival Cruise* Line, 314 F.3d 125 (S.D.Fla. 2002) (burned feet on hot deck); Golden *v. Carnival Corporation*, Case No. 14-CV-24899-JAL (S.D. Fla. 2014) (burn feet on hot deck); *Smardz v. Carnival Corporation* (burn feet on hot deck same vessel); *Leach v. Carnival Corporation,* Case No. 19-CV-23060-KMM (S.D. Fla 2019) (burn feet on hot deck)  Further, this knowledge was or should have been acquired through the media and press coverage of similar incidents on Carnival vessels, as well as on other cruise lines.

31. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Respectfully submitted,

LIPCON, MARGULIES
& WINKLEMAN, P.A.
*Attorneys for Plaintiff*
2800 Ponce de Leon Blvd. Suite 1480
Coral Gables, Florida 33134
Telephone No.: (305) 373-3016
Facsimile No.: (305) 373-6204

By: */s/ Brett A. Silvers*
**JASON R. MARGULIES**
Florida Bar No. 57916
jmargulies@lipcon.com
**CAROL L. FINKLEHOFFE**
Florida Bar No. 0015903
cfinklehoffe@lipcon.com
**BRETT A. SILVERS**
Florida Bar No. 1031877
bsilvers@lipcon.com